1
2
3
4
5
6
7       **UNITED STATES DISTRICT COURT**
8       **DISTRICT OF NEVADA**
9
10      OLIVIA R. HOLMAN,                    Case No. 2:18-cv-02334-JCM-NJK
11              Plaintiff,                   **REPORT AND RECOMMENDATION**
12      v.                                   (Docket Nos. 18, 21)
13      ANDREW SAUL,
14              Defendant.
15

16          This case involves judicial review of administrative action by the Commissioner of Social

17   Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and

18   supplemental security income pursuant to Titles II and XVI of the Social Security Act.  The Court

19   has considered Plaintiff's motion for remand, the Commissioner's response, the Commissioner's

20   countermotion to affirm, and Plaintiff's reply.  Docket Nos. 18[1], 21, 22, 24.  This action was

21   referred to the undersigned magistrate judge for a report of findings and recommendation.

22   **I.    STANDARDS**

23          A.    Judicial Standard of Review

24          The Court's review of administrative decisions in social security disability benefits cases

25   is governed by 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

26

27   [1] The pagination of Docket No. 18 differs from the pagination assigned by CM/ECF.  The Court
     herein cites to the CM/ECF pagination.

28

1

Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides."  The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision.  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).  The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record.  *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  Consequently, the issue before the Court is not whether the Commissioner could reasonably have reached a different conclusion but whether the final decision is supported by substantial evidence.

It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence.  The ALJ's findings should be as comprehensive

and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.    Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made, and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of

3

slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 416.922; Social Security Rulings ("SSRs") 85-28 and 16-3p.[2]  If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 416.920(d), 416.925, 416.926.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made.  20 C.F.R. § 416.920(d).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  SSR 96-8p.  In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 416.929; SSR 16-3p.  To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927.

---

[2] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations.  *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009).  They are entitled to some deference as long as they are consistent with the Social Security Act and regulations.  *Id.*

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW").  20 C.F.R. § 416.920(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established.  20 C.F.R. § 416.960(b).  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 416.960(b), 416.965.  If the individual has the RFC to perform his past work, then a finding of not disabled is made.  20 C.F.R. § 416.920(f).  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(g).  If he is able to do other work, then a finding of not disabled is made.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071-1072 (9th Cir. 2010).

## II.    BACKGROUND

### A.    Procedural History

On February 24, 2015, Plaintiff protectively applied for disability insurance benefits under Title II and supplemental security income under Title XVI, alleging a disability onset date of January 31, 2015.  Administrative Record ("A.R.") 199-202, 203-211.  Plaintiff's application was denied initially and on reconsideration.  A.R. 120-123, 131-136.  On July 27, 2017, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Gary L. Vanderhoof.  A.R. 34-43.  On November 13, 2017, the ALJ issued a decision finding Plaintiff not disabled.  A.R. 34-43.  Plaintiff requested review of the ALJ's decision by the Appeals Council but, on October 3, 2018, the Appeals Council denied the request, making the ALJ's decision the final decision of the Commissioner.  A.R. 1-4.  On December 7, 2018, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g) and 1383(c)(3).  *See* Docket No. 1.
. . .

B.    The ALJ's Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. 404.1520 and issued an unfavorable decision on November 13, 2017.  A.R. 34-43.  At step one, the ALJ found that Plaintiff meets the insured status requirement of the Social Security Act through September 30, 2020, and has not engaged in substantial gainful activity since January 31, 2015, the alleged onset date.  A.R. 36.  At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease and degenerative joint disease of the knees.  A.R. 36-37.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  A.R. 37-38.  The ALJ found Plaintiff has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except that she can occasionally lift, carry, push, and pull twenty pounds; frequently lift, carry, push, and pull ten pounds; stand or walk two hours in an eight-hour day; sit six hours in an eight hour day; never climb ladders, ropes, or scaffolds; and never work at unprotected heights or around dangerous moving machinery.  A.R. 38-41.

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work.  A.R. 41-42.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform.  A.R. 42-43.  Therefore, the ALJ found that Plaintiff was not disabled from January 31, 2015, through the date of the decision.  A.R. 43.

## III.    ANALYSIS AND FINDINGS

A.  Plaintiff's Literacy Level

Plaintiff submits that the ALJ relied on a job description in the Dictionary of Occupational Titles ("DOT"), but failed to definitively explain the impact of the claimant's illiteracy on her ability to find and perform a similar job.  Docket No. 18 at 8.  Plaintiff submits that evidence exists in the record demonstrating that she was in special education classes in school, received a modified diploma, and is "functionally illiterate."  *Id*.  Plaintiff further submits that, when an ALJ relies on a job description in the DOT, the ALJ must definitively explain the impact of the claimant's

6

illiteracy on her ability to find and perform a similar job, but the ALJ failed to address the issue of her literacy during the hearing or in his decision. *Id.* at 8-9. Finally, Plaintiff submits that, given her age, modified diploma, functional illiteracy, and lack of transferrable skills, in conjunction with the ALJ's RFC finding limiting her to standing and walking for no more than 2 hours in an 8 hour day, a limitation to sedentary work would have resulted in a finding of disability based on 20 C.F.R. § 404. *Id.* at 9.

In response, the Commissioner submits that Plaintiff's argument regarding the ALJ's consideration of her limited literacy has been administratively waived due to Plaintiff's failure to timely raise the issue at the administrative hearing. Docket No. 21 at 3. The Commissioner submits that, when a claimant is represented by counsel, she must raise all issues and evidence at her administrative hearing in order to preserve them on appeal. *Id.* The Commissioner further submits that Plaintiff's counsel failed to raise the issue of her limited literacy during the vocational expert's testimony and further failed to question the vocational expert about how Plaintiff's illiteracy would affect her ability to perform the sample jobs the vocational expert identified. *Id.* at 4. Additionally, the Commissioner submits that, while Plaintiff's literacy is limited, she is not wholly illiterate and she previously worked for 27 years as a bus person, which has a DOT language level one description. *Id.* Finally, the Commissioner submits that the jobs identified by the vocational expert only require language level one, the same literacy level at which Plaintiff worked for 27 years. *Id.*

In reply, Plaintiff submits that she did not waive the issue of her literacy because her counsel properly raised the issue by submitting evidence, including the test results from the Bureau of Vocational Rehabilitation, demonstrating her functional illiteracy. Docket No. 24 at 2. Plaintiff additionally submits that it was the ALJ's responsibility to determine her education level and literacy as part of the normal course of deciding whether Plaintiff is disabled and to explain the impact of her illiteracy on her ability to find and perform a job. *Id.* Further, Plaintiff submits that, despite her testimony that she took special education classes and completed high school with a modified diploma, the ALJ did not ask if she could read or write and the ALJ's opinion fails to discuss Plaintiff's background in special education, low IQ, modified diploma, or inability to read

or write. *Id.* at 2-3. Finally, Plaintiff submits that the ALJ's RFC finding, in combination with her age, modified diploma, functional illiteracy, lack of transferable skills, and limitation to sedentary work should have resulted in a finding of disability. *Id.* at 3.

In *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001), the Court held that an ALJ is required to definitively explain the impact of the claimant's illiteracy on the claimant's ability to find and perform a similar job. The Court further found that, when an ALJ relies on a job description in the DOT that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation. *Id.*

In this case, the Court finds that Plaintiff was represented by counsel at the hearing. In a Social Security benefits case, where a claimant is represented by counsel, the claimant must raise all issues and evidence at her administrative hearing in order to preserve them on appeal. *Meanel v. Apfel*, 172 F. 3d 1111, 1115 (9th Cir. 1999). While Plaintiff included evidence of the particulars of her education and literacy level in the record, the issue was not raised at the administrative hearing and, therefore, is waived.

Even if Plaintiff had not waived this issue, however, her case is distinguishable from *Pinto*. Plaintiff is not wholly illiterate. Moreover, the ALJ found that Plaintiff has a high school education and is able to communicate in English. A.R. 42. The record also indicates that Plaintiff worked previously as a bus person, which has the same language level as the jobs identified by the vocational expert. A.R. 42, 53, 58, 62.

Accordingly, the Court finds that the ALJ did not err with respect to the issue of Plaintiff's literacy.

B.  Plaintiff's Testimony

Plaintiff next submits that the ALJ improperly rejected her testimony regarding her medical impairments. Docket No. 18 at 9-12. Plaintiff submits that the ALJ failed to provide specific, clear, and convincing reasons to support rejecting her testimony. *Id.* at 10. Plaintiff submits that, while the ALJ pointed to inconsistencies between Plaintiff's testimony and the objective medical evidence, the record shows that Plaintiff has tried a variety of interventions and that those interventions qualify as significant treatment. *Id.* Plaintiff submits that the ALJ's finding that her

daily activities are limited, but cannot be "objectively verified" is insufficient for rejecting her testimony; instead, the ALJ must provide specific reasons to discount her testimony. *Id*. at 10-11. Finally, Plaintiff submits that the ALJ improperly compared Plaintiff's application paperwork with her testimony. *Id*. at 11-12.

In response, the Commissioner submits that substantial evidence supports the ALJ's finding that Plaintiff's testimony was not entirely consistent with the medical records. *Id*. Docket No. 21 at 5-8. The Commissioner submits that the ALJ first considered that the unchallenged medical evidence failed to support Plaintiff's subjective allegations of disabling symptoms. *Id*. at 5-6. Additionally, the Commissioner submits that the ALJ considered Plaintiff's activities of daily living, including that Plaintiff experienced no problems maintaining personal care such as dressing, bathing, grooming, shaving, feeding herself, driving, shopping, preparing meals, and performing housework. *Id*. at 7. Further, the Commissioner submits that the ALJ properly discounted Plaintiff's allegations of an inability to work because Plaintiff admitted that she stopped working because "she doesn't want to work," not because of any disability. *Id*. The Commissioner submits that the ALJ reasonably considered Plaintiff's testimony and found it not entirely consistent with the unchallenged medical evidence in the record. *Id*. at 7-8.

In reply, Plaintiff submits that the ALJ failed to identify any specific part of the medical evidence which contradicts Plaintiff's testimony. Docket No. 24 at 3-4. Plaintiff additionally submits that the ALJ erred when using boilerplate language to reject her allegations of disability because the ALJ failed to provide evidence, based on the record, which demonstrates that Plaintiff has greater functional abilities than she alleged. *Id*. at 4.

A claimant's statements as to symptoms cannot, alone, be conclusive evidence of disability. 42 U.S.C. § 423(d)(5)(A); *see also fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). An ALJ is required to make findings as to the veracity of the claimant's subjective statements. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2009). Therefore, in determining whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying

impairment which could reasonably be expected to induce the pain. *Id.* at 1036. Once a claimant establishes an underlying impairment, the ALJ must then evaluate whether the statements about the severity of the symptoms are consistent with (1) the objective medical evidence; and (2) the other evidence in the record. 20 C.F.R. § 404.1529(c)(2)-(3). It is the ALJ's prerogative to analyze whether and, to what extent, the claimant's statements about symptoms are consistent with the record. *Molina v. Astrue,* 674 F.3d 1104, 1120-21 (9th Cir. 2012). The ALJ's assessment of the subjective claims must be properly supported by the record and sufficiently ensure a reviewing court that the ALJ did not arbitrarily discount a claimant's subjective testimony. *Id.* In weighing a claimant's testimony, the ALJ may consider numerous factors including duration, frequency, and intensity of pain as well as medication and "ordinary techniques of credibility evaluation." *Bunnell v. Sullivan,* 947 F.2d 341, 346 (9th Cir. 1991). The ALJ may also consider discrepancies in a claimant's statements, exaggerated complaints, and inconsistencies between a claimant's statements and activities. *Thomas*, 278 F.3d at 958.

Here, the ALJ found that, while Plaintiff has severe impairments and her medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, Plaintiff's subjective allegations regarding the intensity, persistence, and limiting effects of the symptoms are not consistent with the medical evidence and other evidence in the record. A.R. 41. The ALJ found that Plaintiff's allegations of disability were inconsistent with her daily activities. A.R. 38. The ALJ further found that Plaintiff has no problems maintaining her personal care, preparing meals, cleaning, washing laundry, driving, and shopping. A.R. 38.

Additionally, the ALJ found that the objective medical findings fail to provide strong support for Plaintiff's testimony. A.R. 39. While the record contained Plaintiff's complaints of pain or stiffness, her medical status examinations in March 2015, October 2015, and September 2016 otherwise indicated that she was in no acute distress, had little or no back tenderness, had full range of motion of her extremities, and had no deformities, edema, or erythema. A.R. 39-40. The ALJ further found that pain management and physical therapy sessions were successful, and that Plaintiff had good exercise activity tolerance and that she reported feeling better. A.R. 40.

1    Finally, Plaintiff stated during her administrative hearing that "she doesn't want to work,"

2  and that she stopped working because she quit and not because of any disability.  A.R. 288.  An

3  ALJ properly rejects a claimant's allegations of an inability to work when a claimant stopped

4  working for reasons unrelated to their alleged disability.  *See Bruton v. Massanari*, 268 F.3d 824,

5  828 (9th Cir. 2001); *see also Drouin v. Sullivan*, 966 F.2d 1255, 1258-59 (9th Cir. 1992).

6    Accordingly, based on a review of the entire record, the Court finds that the ALJ properly

7  discounted Plaintiff's testimony.

8    C.  Step Five Finding

9    Plaintiff submits that the ALJ's step five finding is not supported by substantial evidence.

10  Docket No. 18 at 12.  Plaintiff submits that the ALJ accepted the opinions of the state agency

11  reviewing doctors, who opined that she is limited to sedentary work, but the ALJ accepted two

12  jobs that are inconsistent with those limitations and improper for someone of Plaintiff's limitations.

13  *Id*. at 12-13.  Plaintiff further submits that the ALJ erred when relying on vocational expert

14  testimony that conflicts with the agency's administrative noticed resources, unless the record

15  contains "persuasive evidence" to support the deviation. *Id*. at 13.  Finally, Plaintiff submits that

16  the ALJ improperly omitted Plaintiff's allegations when posing hypothetical questions to the

17  vocational expert.  *Id*.

18    In response, the Commissioner submits that the ALJ's RFC finding that Plaintiff was

19  capable of a limited range of light exertion work, based on her lifting and carrying ability, was

20  proper under the Regulatory definitions.  Docket No. 21 at 8.  The Commissioner submits that the

21  ALJ found that Plaintiff can lift or carry 20 pounds occasionally and 10 pounds frequently, and

22  that Plaintiff's ability to stand or walk for two hours in an eight-hour workday did not reduce her

23  exertional ability to that of sedentary work, but rather limited her to a range of light work.  *Id*.  The

24  Commissioner further submits that the ALJ did not err in adopting the vocational expert's

25  identified jobs because the ALJ properly found Plaintiff's RFC to be light.  *Id*.

26    In reply, Plaintiff submits that, though the ALJ's RFC finding is labeled "light," it is more

27  consistent with a limitation to sedentary work.  Docket No. 24 at 5.  Plaintiff submits that the

28  vocational expert acknowledged that the occupation of hand packager is a medium level job but

asserted, without specification, that a certain percentage of the jobs exist at the sedentary level. *Id*. Plaintiff additionally submits that the ALJ's RFC finding is inconsistent with more than sedentary work and differs from the opinions of the state agency reviewing doctors, who limited Plaintiff to sedentary work. *Id*. Plaintiff further submits that the vocational expert did not give any reason for offering testimony contrary to the information contained in the DOT. *Id*. at 6. Finally, Plaintiff submits that the ALJ omitted Plaintiff's credible allegations and the limitations assessed by Plaintiff's treating medical sources when posing hypothetical questions to the vocational expert. *Id*.

The ALJ may satisfy the step five burden through vocational expert testimony. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). Where the ALJ uses testimony of a vocational expert at step five, the vocational expert must identify specific jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy. *Id*. at 1162-1163. Hypothetical questions posed to the vocational expert must set out all the limitations and restriction of the particular claimant. *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988).

Here, Plaintiff contends that the ALJ's RFC finding should have been sedentary, in part because of the reviewing doctors' opinions and in part because of the vocational expert's testimony. Docket No. 18 at 12-14. The ALJ gave great weight to the opinion of the reviewing state agency medical consultant, Dr. Pena, who found that Plaintiff can occasionally lift carry, push, and pull twenty pounds; frequently lift, carry, push and pull ten pounds; stand or walk two hours in an eight-hour day; sit six hours in an eight hour day; occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; frequently balance and stop; never kneel, crouch, and crawl; and avoid concentrated exposure to extreme cold, vibration, and hazards including machinery and heights. A.R. 40. Additionally, the ALJ gave great weight to Dr. Leonard Simpson's opinion, which affirmed Dr. Pena's opinion, except that he opined that Plaintiff could occasionally stoop. A.R. 40. Accordingly, the ALJ posed a hypothetical to the vocational expert to identify jobs which Plaintiff could perform given her limitations, based in part upon the opinions of the state agency doctors. A.R. 41-42, 61-62. The vocational expert identified two jobs, small

1  parts assembly and hand packager, that Plaintiff is capable of performing with her limitations.

2  A.R. 42.  The ALJ did not classify Plaintiff's RFC as sedentary; rather, the ALJ classified Plaintiff

3  as able to do light work pursuant to 20 C.F.R. 404.1567(b) and 416(b).  A.R. 38.  Further, the ALJ

4  was not required to include the hypothetical limitations based on Plaintiff's subjective allegations

5  because the ALJ found that these limitations were not supported by the overall evidence in the

6  record and, therefore, discounted these limitations.  A.R. 39-40; *see also Osenbrock v. Apfel*, 240

7  F.3d 1157, 1162 (9th Cir. 2001).

8      Accordingly, having reviewed the entire record, the Court finds that the ALJ did not err in

9  the step five finding that Plaintiff was not disabled.

10  **IV.    CONCLUSION**

11      For these reasons, the undersigned concludes that the ALJ's findings are supported by

12  substantial evidence and, therefore, that he did not err in finding that Plaintiff is not disabled.

13  Accordingly, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for reversal and/or

14  remand, Docket No. 18, be **DENIED** and that the Commissioner's countermotion to affirm,

15  Docket No. 21, be **GRANTED**.

16      Dated: August 9, 2019

17  _____

18  NANCY J. KOPPE
    United States Magistrate Judge

19

20

21      **NOTICE**

22      Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must**

23  **be in writing and filed with the Clerk of the Court within 14 days of service of this document.**

24  The Supreme Court has held that the courts of appeal may determine that an appeal has been

25  waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S.

26  140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified

27  time and (2) failure to properly address and brief the objectionable issues waives the right to appeal

28  the District Court's order and/or appeal factual issues from the order of the District Court.

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).