UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OLIVIA R. HOLMAN,<br><br>                 Plaintiff(s),<br><br>      v.<br><br>ANDREW SAUL,<br><br>                 Defendant(s). | Case No. 2:18-CV-2334 JCM (NJK)<br><br>ORDER |

Presently before the court is Magistrate Judge Koppe's report and recommendation ("R&R") granting commissioner's countermotion to affirm and denying plaintiff's motion for remand. (ECF No. 25). Plaintiff Heidi M. Johnson ("plaintiff") objected to the R&R.[1] (ECF No. 26). Defendant Andrew Saul ("the commissioner") did not respond, and the time to do so has passed.

Also before the court is plaintiff's motion to remand (ECF No. 18), to which the commissioner responded (ECF No. 22).

Also before the court is the commissioner's countermotion to affirm (ECF No. 21), to which plaintiff responded (ECF No. 24).

**I.    Background**

The parties do not object to the factual presentation in the R&R. Therefore, the court adopts the factual representation in the R&R and will detail factual and procedural background in the discussion section of this order as necessary to explain the court's holding.

---

[1] Nancy Berryhill was the named defendant while she was Acting Commissioner of the Social Security Administration. (*See* ECF Nos. 21; 22). Andrew Saul is now Commissioner of the Social Security Administration and is defending this suit accordingly. (ECF No. 23).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service thereof.

## III. Discussion

Judge Koppe aptly described the five-step evaluation process ALJs use to determine whether an individual is disabled. (ECF No. 25 at 3–5); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). As Judge Koppe explained:

> Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929; SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927.

(ECF No. 25 at 4). Here, the parties dispute the ALJ's determination of plaintiff's "residual functional capacity" ("RFC"). (*See generally* ECF Nos. 18; 21; 24).

The Social Security Administration classifies jobs as "sedentary, light, medium, heavy, and very heavy." 20 C.F.R. §§ 404.1567(b), 416.967(b). A job is considered light work "when it requires a good deal of walking or standing . . . ." *Id.* A sedentary job, on the other hand, "is defined as one which involves sitting," although walking and standing may be required occasionally. *Id.*

The vocational expert indicated that plaintiff's prior work as a bus person is classified as "medium exertion," but that "it appears that it was actually performed at the light level . . . ." (ECF No. 16-1 at 57). When asking the vocational expert a hypothetical, the ALJ specifically mentioned that plaintiff's ability to "stand, sit, and walk a total of two hours of an eight hour day, 20 minutes maximum at one time on her feet" would "[o]bviously . . . preclude her past work because she was on her feet a lot longer than that time frame." *Id.* at 65. Indeed, the ALJ ultimately concluded that "[t]he [plaintiff] is unable to perform any past relevant work." *Id.* at 41. To that end, the ALJ asked the vocational expert for examples of "very sedentary" positions. *Id.* at 65

At the hearing, the vocational expert indicated that plaintiff would need "sedentary, unskilled employment." *Id.* at 66. She suggested "small parts assembler," which has a strength rating of light work. *Id.* Although plaintiff was "obviously precluded" from her past work—which was labeled medium exertion but was performed as light work—the vocational expert also recommended "hand packager," which is technically a medium-exertion job which labor market studies suggest is "performed at the sedentary level" in "a certain percentage."[2] *Id.*

Further, the ALJ claimed to accord "great weight" to the opinions of Dr. Rene Pena and Dr. Leonard Simpson because they were "consistent with the medical evidence of record." *Id.* at 44. Both Dr. Pena and Dr. Simpson determined that plaintiff's RFC allowed only sedentary work. *Id.* at 80, 90, 106, 118. Nonetheless, the ALJ determined that plaintiff's RFC allowed her to perform light work, although he noted that "[plaintiff]'s ability to perform all or substantially all of the requirements of [light] work has been impeded by additional limitations." *Id.* at 46.

---

[2] The vocational expert indicated that she provided the ALJ with the "certain percentage," but the ALJ does not reference that percentage in his findings, and that percentage is not elsewhere in the record. (*See* ECF No. 16-1 at 66).

Regardless of the weight—or lack thereof—that the ALJ gave plaintiff's subjective testimony, the court finds that the ALJ's determination of plaintiff's RFC is not supported by substantial evidence. To the contrary, the ALJ's determination is unsupported by the opinions of Dr. Pena and Dr. Simpson, the evidence that he supposedly relied on and gave great weight to. Every indication in the record is that plaintiff's RFC was limited to sedentary work, including the ALJ's representations at the hearing and his conclusion that plaintiff cannot perform any past relevant work.

Accordingly, the court finds that remand is appropriate.[3]

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judge Koppe's R&R (ECF No. 25) be, and the same hereby is, OVERRULED, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's motion to remand (ECF No. 18) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the commissioner's cross motion to affirm (ECF No. 21) be, and the same hereby is, DENIED

IT IS FURTHER ORDERED that the matter of *Holman v. Saul*, case number 2:18-cv-02334-JCM-NJK, be, and the same hereby is, REMANDED to the Social Security Administration for further administrative proceedings consistent with this order.

DATED January 13, 2020.

                                                                           UNITED STATES DISTRICT JUDGE

---

[3] The court need not reach plaintiff's other objections to the R&R.

- 4 -